**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| v. | ) | No. 07-10223-01 |
| TODD R. GEHRINGER, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 73);

2. Government's response (Doc. 75); and

3. Defendant's reply (Doc. 78).

Based upon its review of the aforesaid submissions plus selected portions of the record, including the presentence report, the court finds that defendant is entitled to no relief and that his motion therefore is denied.

Background

Defendant was charged by indictment with various drug and firearms offenses (Doc. 8). A highly experienced assistant federal public defender was appointed (Doc. 2) who filed numerous pretrial motions on defendant's behalf which the court heard and denied in a comprehensive memorandum and order, the contents of which are incorporated herein (Doc. 41). The case proceeded to a jury trial. Not surprising, the jury convicted defendant of all charges (Doc. 51). A presentence report was prepared and the court imposed what, in retrospect, was a lenient sentence (Doc. 54). Defendant's conviction

was affirmed (Doc. 70) and his petition for writ of certiorari was denied (Doc. 72).

Defendant now raises 26 separate grounds for relief. None of the grounds have any merit and, as will be noted, the majority can be summarily disposed of on the basis of the government's responses.

Defendant's complaints purport to relate to the performance of his appointed counsel in matters before this court and on appeal. The court is familiar with the standards pertaining to such claims, as is counsel for the government (Doc. 73 at 3-7). To the extent defendant finds fault with counsel's performance on appeal, the law is that appellate counsel will be deemed ineffective only if he fails to assert a "dead bang winner," i.e., "an issue which was obvious from the trial record . . . and one which would have resulted in a reversal on appeal." United States v. Cook, 45 F.3d 388, 395 (10th Cir. 1995). See also Moore v. Gibson, 195 F.3d 1152, 1180 (10th Cir. 1999), cert. denied, 530 U.S. 1208 (2000).

Defendant fails to acknowledge these standards in either of his submissions and, more to the point, fails to point out how any of the grounds he raises would entitle him to relief under the standards. Rather, defendant simply makes conclusory statements and does not cite the record where citation would be appropriate. Defendant's pro se status notwithstanding, it is not this court's job to serve as defendant's advocate by supplying supporting authority for his claims, searching the record or engaging in extended discussion when the government's responses are adequate. For this reason, the court finds that the following claims are adequately disposed of by this court's memorandum and order, the Tenth Circuit's Order and Judgment and the

government's response: 1-16, 19, 21, 22, 23, 24 and 26.  Only the following claims require very brief additional comment:

Claim 17 - Failure to Request Lesser Included Offense Instruction

Defendant contends his counsel was ineffective for failing to request a lesser included offense instruction on counts 3, 8 and 9 and for failing to raise the issue on appeal.  Each count charged violations of 21 U.S.C. § 841(a)(1).  Count 3 pertained to an incident which occurred on December 19, 2006.  Police officers observed defendant driving a truck in a parking lot.  The truck struck a stop sign and defendant bailed out.  When contacted by a police officer, defendant stated that he had not been driving (Vol. II, jury trial transcript at 109).  A firearm, drugs and paraphernalia were found in the truck.  (See also Doc. 41 at 20-22).  At no time did defendant admit possession of the drugs.

Count 8 pertained to an incident which occurred on December 3, 2007.  Agents were surveilling defendant's residence in anticipation of executing a search warrant.  When agents approached defendant on the street near his residence, defendant ran.  During a later interview, defendant told agents that he ran so that he could discard drugs he was carrying.  When they searched the area, agents found packets of methamphetamine and marijuana.  According to the unobjected-to presentence report (¶ 43), the marijuana was 1.55 grams and the methamphetamine was 4.92 grams (62% pure, 3.05 grams actual) and .96 grams (16% pure, .15 grams actual).

Count 9 pertained to an incident which occurred on October 10, 2006.  Following up on a report of a stolen truck, officers saw defendant get out of the driver's side of the truck.  A passenger in

the truck identified defendant, who was standing in the yard of a nearby house. When officers asked defendant if there were drugs in the truck, he responded "I don't think so." A meth pipe was on the ground near defendant. When the truck was searched, methamphetamine and other drugs, along with a scale and packaging materials, were found under the driver's seat. Defendant had over $4,800 in cash on his person. The passenger testified that she had no knowledge of drugs in the truck. Once again defendant never admitted knowledge or possession of the drugs in the truck.

Counsel did not request a lesser included offense instruction on counts 3, 8 and 9. Simple possession can be, but not necessarily is, a lesser offense of possession with intent to distribute. United States v. Burns, 624 F.2d 95, 104 (10th Cir. 1980). However, in order to secure a lesser included offense instruction, one of the four elements of the standard applied in the Tenth Circuit is that the evidence be such that the jury could rationally acquit on the greater offense and convict on the lesser offense. United States v. Bruce, 458 F.3d 1157, 1162 (10th Cir. 2006), cert. denied, 549 U.S. 1141 (2007). Insofar as counts 3 and 9 are concerned, defendant's defense was that he did not know about or possess the drugs. He has not explained how, in light of this and the other evidence, the jury could have rationally acquitted him on the § 841 charges but convicted him of § 844. United States v. Shuler, 373 Fed. Appx. 949, 954, 2010 WL 1508277 (C.A. 11) ("As for Counts Two through Four, Pierre's defense rested on the theory that he did not possess the drugs . . . . If the jury found that the government had not established possession, then it could not convict him of either crime. Therefore, a lesser-

-4-

included offense instruction would not have been proper. See [United States v.] Brown, 26 F.3d at 120.") Thus, even if counsel had requested a lesser included instruction on counts 3 and 9, the court would not have given it.

Turning to count 8, the court will assume, but not decide, that the evidence might have justified a lesser included offense instruction, had one been requested. This assumption does not compel a conclusion that counsel was ineffective, however.

The easiest way to dispose of an ineffective assistance claim is to determine whether defendant was prejudiced by counsel's actions. Strickland v. Washington, 466 U.S. 668, 697 (1984). Defendant does not contend that he would have been acquitted on count 8, only that (maybe) the jury would have found him guilty of simple possession, a misdemeanor. Had an instruction been given and defendant convicted of a misdemeanor, it would have had no effect on his sentence. See the memorandum of Senior U.S. Probation Office Bryce J. Beckett, attached. Thus defendant suffered no prejudice.

Claims 19 and 20 - Legality of December 3, 2007 Search Warrant

Defendant contends that the search warrant was invalid because it was "not active" until December 7, 2007 and because one of the persons identified in the application for the warrant was on probation.

Defendant's time argument seems to be that because the warrant authorized a search on or before December 17, 2007, not to exceed 10 days, the search could not take place before December 7. No authority is cited for this strained and incorrect interpretation. The warrant was signed on December 3 and the search was conducted the same day.

The search was valid.  The warrant was valid, too.  All one needs to do is examine the application (Doc. 1).

## Claim 25 - Vindictive Prosecution

Defendant contends that he was the victim of a "vindictive prosecution" because the indictment charged ". . . five separate [sic] incidents with 12 counts . . ." and that his counsel was ineffective for failing to raise the issue.  Defendant cites no authority to support this claim which, in any event, does not begin to meet the showing necessary under Tenth Circuit law.  <u>United States v. Wood</u>, 36 F.3d 945, 946 (10th Cir. 1994).

## Conclusion

Defendant's motion (Doc. 73) is denied.

IT IS SO ORDERED.

Dated this   17th    day of February 2012, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE